McGEE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-02-471-CR

        2-02-472-CR

        2-02-473-CR

        2-02-474-CR

        2-02-475-CR

        2-02-476-CR

JONATHAN CLIFTON MCGEE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

OPINION
 

------------

In January 1999, appellant entered negotiated guilty pleas in an aggravated robbery case and in five burglary cases.  The trial court deferred adjudication of appellant’s guilt and placed him on ten years’ probation in accordance with the plea agreement.  In November 2001, the State filed petitions to proceed to adjudication of appellant’s guilt due to his violations of some of his probation conditions.  In December 2001, appellant notified the court that he had retained counsel to represent him in the revocation proceedings.  On December 27, 2001, appellant’s counsel filed a motion for continuance on the hearings scheduled for the next day.  The trial court denied the continuance, appellant pled “true” to the allegations in each petition, and the trial court found him guilty in each case.  The court sentenced appellant to twenty-five years’ confinement for the aggravated robbery and twenty years’ confinement on each burglary conviction, all of which were to run concurrently.  We affirm.

In appellant’s sole point on appeal, he claims that the trial court erred when it denied his motion for continuance and forced him to proceed with the adjudication hearing without his retained counsel.

Attorney Scott Brown appeared at court to present retained attorney Bill Lane’s motion for continuance.  Brown represented to the court that he “helps [Bill] out” a lot.  Lane had apparently left town to go to an out of town football game as a birthday surprise.  The exchange at the hearing on the motion proceeded as follows:

MR. BROWN:  Mr. McGee's attorney of record is Bill Lane.  His family retained Bill.  As you know, Judge, I help him out a lot.  Technically, I'm not the attorney on this case.  Yesterday, [Lane's wife], surprised him and said, tomorrow is your birthday—today is your birthday, and she got him ticket[s] to the football game in Houston.  He tried to get ahold of you yesterday.  You weren't here.  He called the court—we called the court—

THE COURT:  What time did you call the court?  Because I was actually driving back from Amarillo so I could do this hearing, and could have stayed an additional day, and I received no notice that you called.  When did you call?

MR. BROWN:  Yesterday morning at some point when I talked to Abby [the court coordinator].  Yesterday morning or late morning.

THE COURT:  You are on the record and she's not, so why don't you say what you've got to say.

MR. BROWN:  Yesterday late morning.

THE COURT:  And what happened?  You talked to Abby, and what did you say—what did she say?

MR. BROWN:  I said I was filing a motion for continuance.  I came down and filed it.  I explained to her that Bill was out of town.  That's what's on the motion.

THE COURT:  What did she say to you?

MR. BROWN:  She said that you weren't there to talk to.

THE COURT:  Did she also tell you that this case had been set at y'all's request for today?  I mean, here is my concern:  I've asked Ms. Walker to pull the settings and this case was originally set on November 27.  We appointed counsel.  You came by to tell us that your office was going to be hired, that you and Bill were going to be hired.  That was November 27.  On December 3
rd
 you came by to confirm y'all had been hired.  Abby called Janie, your paralegal.  What is she? 

MR. BROWN:  Investigator.

THE COURT:  And said we needed a letter of representation that came out with Bill Lane's signature stamped on it.  Bill Lane has never made an appearance in court on this case, never.  On December 17 was a probation revocation docket— 

Abby, did Bill come in that day?  Excuse me, Bill Lane did come in that day.  Scott, were you here also?  I thought I remember you being here.

MR. BROWN:  I don't remember the day I was here when it was set last.

THE COURT:  Which was December 17 on the revocation docket.  We all sat around that morning given Bill's busy trial schedule, which I understand when he gets back he is going to be in a capital murder.

MR. BROWN:  We start jury selection on the 8
th
, Judge, Monday.

THE COURT:  We reset it to this day for him with the state being here— 

MR. BROWN:  Well,—

THE COURT:  No, let me finish.  With the state's attorney here, with the court here, with the court coordinator here, with the defense attorneys here, everybody with calendars out, everybody making arrangements to do it today.  And I just, you know, I know [Lane's wife], I just think the world of her, you know, and she is a sweet woman and great wife, and she has given him a surprise birthday, and I'm real sorry, but that doesn't matter to me and we will be proceeding.

The court denied the continuance and proceeded with the hearings, instructing Brown to represent appellant.

First, we address the State’s claim that this court has no jurisdiction to hear this appeal.  The State contends that this court lacks jurisdiction because the code of criminal procedure states that there is no appeal from a trial court’s determination to proceed with an adjudication of guilt.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2003).  However, the issue raised in this appeal is governed by 
Vidaurri
, 
Manuel, 
and 
Feagin
, not 
Phynes
 as cited by the State.  
Vidaurri v. State
, 49 S.W.3d 880 (Tex. Crim. App. 2001)
; Manuel v. State,
 994 S.W.2d 658 (Tex. Crim. App. 1999);
 Feagin v. State
, 967 S.W.2d 417 (Tex. Crim. App. 1998);
 
Phynes v. State
, 828 S.W.2d 1 (Tex. Crim. App. 1992).  If the appellant was placed on deferred adjudication under a plea agreement, the scope of this review is limited by former rule 25.2(b)(3).  
Tex. R. App. P.
 25.2(b)(3), 948-949 S.W.2d (Tex. Cases) XCVI (1997, amended 2003).
(footnote: 1)  

In 
Feagin
 the court of criminal appeals held that former rule 40(b)(1), later rule 25.2(b)(3), did not apply to appeals attacking the propriety of orders revoking probation, even when the probation was the result of a guilty plea.
(footnote: 2)  
Feagin, 
967 S.W.2d at 419.  The court held that a defendant could appeal an ”issue which [is] unrelated to her conviction,” and rule 25.2(b)(3) would not apply so that a general notice of appeal was sufficient to invoke the appellate court’s jurisdiction.  
Id.
  Thus, according to 
Feagin
, the focus should be on whether the plea bargaining defendant is trying to appeal an issue related to his original conviction or an issue that is separate from the conviction.  
Id.

In 
Manuel
, the court of criminal appeals took the next step and held that a defendant who is placed on deferred adjudication may raise issues relating to the original plea proceeding only when the deferred adjudication is originally imposed, not after guilt is later adjudicated.  
Manuel
, 994 S.W.2d at 661.

In 
Vidaurri,
 the court completed its trilogy by holding that a plea bargaining defendant who received deferred adjudication and whose guilt is subsequently adjudicated may appeal alleged error that relates to the process by which he was sentenced, which is unrelated to the original imposition of deferred adjudication.  
Vidaurri
, 49 S.W.2d at 885.  In 
Vidaurri
, much like this case, the appellant was challenging the trial court’s complete failure to hold a hearing on punishment following the court’s adjudication of his guilt, a right recognized by the court of criminal appeals that is related to the process of a defendant’s later sentencing.  
Id.

In 
Phynes, 
the court held that there is no right of appeal from an adjudication hearing thereby foreclosing review of Phynes's complaint that he was denied counsel at that hearing.  
Phynes
, 828 S.W.2d at 2.  The opinion in 
Phynes
 did not reach the issue of whether article 42.12, section 5(b) prevents an appeal of denial of counsel at the sentencing phase, following adjudication.  
Id
.; 
see also
 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b); 
Kirtley v. State
, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001) (holding appellant sentenced under a guilty plea agreement can appeal aspects of the "second phase to determine punishment") (citing 
Issa v. State
, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992)).

Similarly, appellant complains about the denial of his motion for continuance of the adjudication and sentencing hearing because his retained counsel was unable to appear, thus impacting his right to counsel.  Because the question of the continuance was an issue unrelated to the entry of the original deferred adjudication and the trial court's decision to adjudicate guilt, we hold that we have jurisdiction to review the trial court’s ruling on the motion and that this review does not run afoul of article 42.12, section 5(b)’s prohibition of appeals from a trial court’s determination to adjudicate guilt.  
See Smith v. State
, 52 S.W.3d 475, 476 (Tex. App.—Corpus Christi 2001, pet. ref’d) (holding appellant’s general notice of appeal invoked appellate court jurisdiction to hear and address his complaint of trial court error by refusing him the opportunity to present evidence in mitigation of punishment); 
see also
 
Lloyd v. State,
 97 S.W.3d 808, 809 Tex. App.—Texarkana 2003, pet. ref'd) (holding appellate court had jurisdiction to consider issues related to the trial court’s assessment of punishment).  Moreover, appellant was not required to comply with rule 25.2(b)(3)’s special notice of appeal prerequisites.  
See Woods v. State
, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); 
Vidaurri
, 49 S.W.3d at 885.  We therefore turn to appellant’s complaint.

Bill Lane, who was identified as appellant’s retained counsel, filed a motion to continue the revocation hearings the day before the hearings.  Scott Brown signed the motion and presented it on Lane’s behalf.  In fact, the record shows that on prior occasions Brown told the court that he and Lane were going to be hired, that 
they
 had been hired on the case, and that 
they
 had received a continuance prior to December 28
.

First, we note that the motion was not in compliance with the code of criminal procedure in that it was not sworn to by anyone with personal knowledge. 
 Tex. Code Crim. Proc. Ann.
 art. 29.08 (Vernon 1989).  The State points to a court of criminal appeal case as well as a case from this court holding that the denial of an unsworn motion for continuance presents nothing for review.  
See Dewberry v. State
, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000); 
Rodda v. State
, 926 S.W.2d 375, 376-77 (Tex. App.—Fort Worth, 1996, pet. ref’d).  Further, there is no showing in the reporters’ records or the clerks’ records that Brown filed another motion for continuance 
after
 the court instructed 
Brown
 to proceed as appellant’s counsel at the revocation and punishment hearings.  There are no objections, pleadings, or any evidence challenging 
Brown’s
 representation of appellant.  
See
 
Tex. R. App. P.
 33.1; 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  To the extent appellant challenges the court’s ruling that Brown should represent appellant, that complaint is waived.

Appellant also contends, however, that the denial of his specific retained counsel is tantamount to a complete denial of his Sixth Amendment right to counsel.  
U.S. Const. 
amend. VI.  As noted by the State, however, that right is not unlimited.  
See Ex parte Windham
, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982).  While the right to counsel is a "waivable only" right, the right to specific counsel is not.
  See generally Saldano v. State
, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).  Appellant cites no cases holding that an accused is entitled to a specific attorney.  Regardless, the record includes evidence of representations that both attorneys represented appellant.

For these reasons, we hold that appellant failed to preserve error regarding the denial of his motion for continuance due to Lane's absence and that proceeding to adjudication/punishment with different counsel does not involve a fundamental, unlimited right that cannot be waived.
  Id.  
The judgments of the trial court are affirmed.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

PUBLISH

DELIVERED:  November 6, 2003

FOOTNOTES
1:
Appellant's notice of appeal complied with former rule 25.2(b)(3), which was in effect when the notice of appeal was filed.

2:
Rule 40(b)(1), rule 25.2(b)(3)’s predecessor, requires a plea bargaining or nolo appellant to specifically list in his notice of appeal that the appeal is for a jurisdictional defect, that the issue on appeal was raised by written motion and ruled on before trial, or that the court granted permission to appeal.  
Tex. R. App. P. 40
(b)(1), 707-708 S.W.2d (Tex. Cases) LII (1986, amended 1997).