COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-327-CR
 
 
JAMES 
NATHAN PRICE                                                          APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
James Nathan Price appeals from a judgment adjudicating him guilty of indecency 
with a child by contact and assessing eight years’ confinement.  We 
affirm.
Background
        On 
December 3, 1999, Appellant pled guilty to indecency with a child by contact.  
Pursuant to a plea bargain agreement, the trial court deferred adjudicating 
Appellant’s guilt and placed him on community supervision for four years.  
On April 16, 2003, the State filed a second petition to proceed to adjudication.  
On August 5, 2003, the State filed a first amended second petition to proceed to 
adjudication.  On August 15, 2003, the court held a hearing on the 
State’s first amended second petition to proceed to adjudication.  At the 
hearing, Appellant’s counsel stated he was not ready to proceed because he had 
only that day received a copy of the State’s final amended petition.  The 
court stated it denied Appellant’s “motion for continuance,” proceeded to 
adjudicate Appellant’s guilt, and assessed punishment at eight years’ 
confinement.
        In 
his sole point on appeal, Appellant contends the trial court erred in proceeding 
with the hearing because Appellant did not receive timely notice of the first 
amended second petition to proceed to adjudication, in violation of state and 
federal requisites of due process.
        The 
State responds that Appellant’s contention is not cognizable on appeal and the 
appeal should be dismissed; or, alternatively, that an oral motion for 
continuance that is not supported by affidavits is insufficient to require a 
continuance; Appellant waived his appellate complaint because it does not 
comport with his objection at trial, and any error was harmless beyond a 
reasonable doubt.
Cognizability 
Of Appellant’s Complaint
        This 
court has held that a complaint regarding a denial of a motion for continuance 
preceding an adjudication hearing is cognizable and is not precluded by the code 
of criminal procedure.  McGee v. State, 124 S.W.3d 253, 256 (Tex. 
App.—Fort Worth 2003, pet. ref’d) (holding denial of motion for continuance 
prior to trial court’s adjudication of guilt was issue unrelated to court’s 
decision to adjudicate guilt, therefore appeal of the issue did not run afoul of 
article 42.12, section 5(b)’s prohibition of appeals from trial court’s 
determination to adjudicate guilt); see Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b) (Vernon Supp. 2004-05).
        Although 
the State urges us to revisit our holding in McGee, we decline to do so.  
We find the rationale of McGee instructive, and we conclude that the 
issue on appeal in the instant case arose prior to and was unrelated to the 
trial court’s decision to adjudicate guilt.  See McGee, 124 
S.W.3d at 256.  Accordingly, we hold that article 42.12, section 5(b) does 
not prohibit Appellant from appealing the denial of his objection to the 
court’s proceeding to trial on the State’s petition to adjudicate 
Appellant’s guilt after Appellant had announced “not ready” to proceed 
because of untimely receipt of the most recently amended petition of the State.
Motion For 
Continuance
        The 
State argues that even if Appellant’s claim is cognizable on appeal, 
Appellant’s oral motion for continuance does not comply with the requirements 
of the code of criminal procedure and therefore Appellant failed to preserve the 
alleged error of which he complains.  See Tex. Code Crim. Proc. Ann. arts. 29.03, 
29.06, 29.08 (Vernon 1989); Dewberry v. State, 4 S.W.3d 735, 755-56 (Tex. 
Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
        Appellant 
asserts that he is not complaining on appeal of a denial of a motion for 
continuance, and that in fact he never requested a continuance in the trial 
court.  Rather, Appellant phrases his point on appeal to complain that the 
trial court erred in overruling Appellant’s objection that he was not ready to 
proceed because he had not received timely notification of the State’s amended 
petition.
        The 
State responds that both the prosecutor and the trial court viewed the statement 
of Appellant’s counsel as a motion for continuance.  The discussion in 
the trial court on this issue was as follows:
 
THE COURT: The Court now calls case No. 0730411D, the State of Texas versus 
James Nathan Price. State ready?
 
[The 
State]: State’s ready, Judge.
 
[Defense 
counsel]: Your Honor, the Defendant is not ready.  And we have been -- 
I’ve received today for the first time a copy of the State’s First Amended 
Second Petition to Proceed to Adjudication.  Apparently it bears a filemark 
of August the 5th which is ten days ago.  But we’re not ready because of 
the fact that I have not received this until today. . . .
 
THE 
COURT: Response.
 
[The 
State]: May I respond, Judge?
 
THE 
COURT: Yes, sir.
 
                . 
. . .
 
[The 
State]: In reference to his first ground for continuance, also pursuant to the 
Code of Criminal Procedure, he’s entitled to seven days after a new 
petition’s filed.  By Defense counsel’s own words, he’s had ten days.  
Also, Judge, I’d point out to the Court -- if the Court would look at a 
previous petition, the only difference between this newest one and the last one 
is that Paragraph Two alleges the offense that the Defendant is currently on 
probation for out of Dallas County.  So he knows of that offense, he’s 
aware of it.  So how he can tell you he’s not prepared to proceed, I 
don’t know.  And I object to that.
 
THE 
COURT: Anything further, [Defense Counsel]?
 
[Defense 
Counsel]: Well, Your Honor, I would like to call the court’s attention to the 
fact I didn’t receive this until today.  And I know it’s been filed 
earlier, but I didn’t know it had been filed. I was -- did not receive a copy 
of it in a timely fashion.
 
THE 
COURT: Anything further, [Defense Counsel]?
 
[Defense 
Counsel]: That’s all, Your Honor.
 
THE 
COURT: All right. The motion for continuance will be denied. . . . And the Court 
is ready to proceed.
 
You ready?
 
[The State]: 
State’s ready.
 
THE COURT: 
All right, sir.
 
[Defense 
counsel]: Subject to our previous objections, we’re ready, Your Honor.
 
 
        Although 
the prosecutor and the trial court referred to Appellant’s objection as a 
motion for continuance, Appellant never sought a continuance in the trial court.  
Therefore, he did not need to comply with the requirements of the code of 
criminal procedure dealing with motions for continuance.
Objection At 
Trial And On Appeal
        The 
State contends that Appellant has failed to preserve his claim on appeal because 
it differs from the claim he raised in the trial court.  To preserve a 
complaint for our review, a party must have presented to the trial court a 
timely request, objection, or motion that states the specific grounds for the 
desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  If 
a complaint raised on appeal does not comport with the objection made at trial, 
it is waived.  Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 
1996), cert. denied, 522 U.S. 827 (1997); Rezac v. State, 782 
S.W.2d 869, 870 (Tex. Crim. App. 1990).  Even constitutional error may be 
waived by the failure to specifically object. Broxton v. State, 909 
S.W.2d 912, 918 (Tex. Crim. App. 1995).  However, if it is apparent from 
the record that the trial court understood the objection and its grounds, error 
is preserved.  Dixon v. State, 928 S.W.2d 564, 564-65 (Tex. Crim. 
App. 1996).  Whether the specific grounds for an objection were apparent 
from the context of the objection is determined by looking at each situation 
individually as it arises.  Heidelberg v. State, 144 S.W.3d 535, 538 
(Tex. Crim. App. 2004).
        Appellant’s 
counsel told the trial court he was not ready to proceed to trial because he had 
only that day received the State’s amended petition, and therefore he did not 
receive the amended petition in a timely fashion.  The prosecutor responded 
that under the code of criminal procedure Appellant is entitled to seven days 
between the date of filing an amended petition and the date of the hearing, but 
that Appellant actually had more than seven days between the date of filing the 
amended petition and the date of the hearing.  See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b) (on violation of condition of deferred adjudication community 
supervision, defendant may be arrested and detained as provided in section 21); 
art. 42.12, § 21(b) (State may amend motion to revoke community supervision any 
time up to seven days before the date of revocation hearing, after which time 
motion may not be amended except for good cause shown).  When the court 
gave Appellant’s counsel an opportunity to respond, counsel did not say 
anything further.  On appeal, Appellant contends his due process rights 
under the state and federal constitutions were violated by lack of notice of the 
allegations against him.
        Nothing 
in the quoted dialogue between Appellant’s counsel, the prosecutor, and the 
court would have informed the court that Appellant was objecting to proceeding 
with the hearing on due process grounds or was claiming violations of either the 
state or federal constitutions.  The court was made aware of the fact the 
Texas Code of Criminal Procedure had been complied with, and Appellant’s 
counsel offered no further specificity regarding his complaint that he was not 
ready because of untimely receipt of the amended petition.  Under these 
facts, we cannot say the record gives any indication that the trial court 
understood the basis of Appellant’s objection to mean that the defense was 
actually claiming a violation of his due process rights or was invoking the 
protections of the state or federal constitutions, rather than the code of 
criminal procedure.  Because Appellant’s objection at trial does not 
comport with his point on appeal, the alleged error is not preserved.  See, 
e.g., Heidelberg, 144 S.W.3d at 542-43 (holding appellant’s 
objection based upon Fifth Amendment violation failed to apprise trial court and 
preserve error about violation of Texas Constitution).  We overrule 
Appellant’s sole point on appeal.
Conclusion
        Having 
overruled Appellant’s sole point, we affirm the judgment of the trial court.
 
 
                                                                  PER 
CURIAM
 
 
PANEL 
B:   HOLMAN, LIVINGSTON, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 18, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.