PRICE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-327-CR

JAMES NATHAN PRICE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James Nathan Price appeals from a judgment adjudicating him guilty of indecency with a child by contact and assessing eight years’ confinement.  We affirm.   

Background

On December 3, 1999, Appellant pled guilty to indecency with a child by contact.  Pursuant to a plea bargain agreement, the trial court deferred adjudicating Appellant’s guilt and placed him on community supervision for four years.  On April 16, 2003, the State filed a second petition to proceed to adjudication.  On August 5, 2003, the State filed a first amended second petition to proceed to adjudication.  On August 15, 2003, the court held a hearing on the State’s first amended second petition to proceed to adjudication.  At the hearing, Appellant’s counsel stated he was not ready to proceed because he had only that day received a copy of the State’s final amended petition.  The court stated it denied Appellant’s “motion for continuance,” proceeded to adjudicate Appellant’s guilt, and assessed punishment at eight years’ confinement.

In his sole point on appeal, Appellant contends the trial court erred in proceeding with the hearing because Appellant did not receive timely notice of the first amended second petition to proceed to adjudication, in violation of state and federal requisites of due process.  

The State responds that Appellant’s contention is not cognizable on appeal and the appeal should be dismissed; or, alternatively, that an oral motion for continuance that is not supported by affidavits is insufficient to require a continuance; Appellant waived his appellate complaint because it does not comport with his objection at trial, and any error was harmless beyond a reasonable doubt.

 
Cognizability Of Appellant’s Complaint
 

This court has held that a complaint regarding a denial of a motion for continuance preceding an adjudication hearing is cognizable and is not precluded by the code of criminal procedure.  
McGee v. State
, 124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet. ref’d) (holding denial of motion for continuance prior to trial court’s adjudication of guilt was issue unrelated to court’s decision to adjudicate guilt, therefore appeal of the issue did not run afoul of article 42.12, section 5(b)’s prohibition of appeals from trial court’s determination to adjudicate guilt); 
see
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05).  

Although the State urges us to revisit our holding in 
McGee
, we decline to do so.  We find the rationale of 
McGee
 instructive, and we conclude that the issue on appeal in the instant case arose prior to and was unrelated to the trial court’s decision to adjudicate guilt.  
See
 
McGee
, 124 S.W.3d at 256.  Accordingly, we hold that article 42.12, section 5(b) does not prohibit Appellant from appealing the denial of his objection to the court’s proceeding to trial on the State’s petition to adjudicate Appellant’s guilt after Appellant had announced “not ready” to proceed because of untimely receipt of the most recently amended petition of the State. 

Motion For Continuance

The State argues that even if Appellant’s claim is cognizable on appeal, Appellant’s oral motion for continuance does not comply with the requirements of the code of criminal procedure and therefore Appellant failed to preserve the alleged error of which he complains.  
See
 
Tex. Code Crim. Proc. Ann.
 arts. 29.03, 29.06, 29.08 (Vernon 1989); 
Dewberry v. State
, 4 S.W.3d 735, 755-56 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  

Appellant asserts that he is not complaining on appeal of a denial of a motion for continuance, and that in fact he never requested a continuance in the trial court.  Rather, Appellant phrases his point on appeal to complain that the trial court erred in overruling Appellant’s objection that he was not ready to proceed because he had not received timely notification of the State’s amended petition.

The State responds that both the prosecutor and the trial court viewed the statement of Appellant’s counsel as a motion for continuance.  The discussion in the trial court on this issue was as follows:     

THE COURT:  The Court now calls case No. 0730411D, the State of Texas versus James Nathan Price.  State ready?

[The State]:  State’s ready, Judge.

[Defense counsel]:  Your Honor, the Defendant is not ready.  And we have been -- I’ve received today for the first time a copy of the State’s First Amended Second Petition to Proceed to Adjudication.  Apparently it bears a filemark of August the 5th which is ten days ago.  But we’re not ready because of the fact that I have not received this until today. . . .  

THE COURT:  Response.

[The State]:  May I respond, Judge?

THE COURT:  Yes, sir.

. . . .

[The State]:  In reference to his first ground for continuance, also pursuant to the Code of Criminal Procedure, he’s entitled to seven days after a new petition’s filed.  By Defense counsel’s own words, he’s had ten days.  Also, Judge, I’d point out to the Court -- if the Court would look at a previous petition, the only difference between this newest one and the last one is that Paragraph Two alleges the offense that the Defendant is currently on probation for out of Dallas County.  So he knows of that offense, he’s aware of it.  So how he can tell you he’s not prepared to proceed, I don’t know.  And I object to that.

THE COURT:  Anything further, [Defense Counsel]?

[Defense Counsel]:  Well, Your Honor, I would like to call the court’s attention to the fact I didn’t receive this until today.  And I know it’s been filed earlier, but I didn’t know it had been filed.  I was -- did not receive a copy of it in a timely fashion.

THE COURT:  Anything further, [Defense Counsel]?

[Defense Counsel]:  That’s all, Your Honor.

THE COURT:  All right.  The motion for continuance will be denied. . . .  And the Court is ready to proceed.

You ready?

[The State]:  State’s ready.

THE COURT:  All right, sir.

[Defense counsel]:  Subject to our previous objections, we’re ready, Your Honor.

Although the prosecutor and the trial court referred to Appellant’s objection as a motion for continuance, Appellant never sought a continuance in the trial court.  Therefore, he did not need to comply with the requirements of the code of criminal procedure dealing with motions for continuance.   

Objection At Trial And On Appeal

The State contends that Appellant has failed to preserve his claim on appeal because it differs from the claim he raised in the trial court. 
 To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999). 
 If a complaint raised on appeal does not comport with the objection made at trial, it is waived.  
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997)
; 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
  Even constitutional error may be waived by the failure to specifically object.  
Broxton v. State
, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  However, if it is apparent from the record that the trial court understood the objection and its grounds, error is preserved. 
 Dixon v. State
, 928 S.W.2d 564, 564-65 (Tex. Crim. App. 1996). 
 Whether the specific grounds for an objection were apparent from the context of the objection is determined by looking at each situation individually as it arises.
  
Heidelberg v. State
, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004).  

Appellant’s counsel  told the trial court he was not ready to proceed to trial because he had only that day received the State’s amended petition, and therefore he did not receive the amended petition in a timely fashion.  The prosecutor responded that under the code of criminal procedure Appellant is entitled to seven days between the date of filing an amended petition and the date of the hearing, but that Appellant actually had more than seven days between the date of filing the amended petition and the date of the hearing.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (on violation of condition of deferred adjudication community supervision, defendant may be arrested and detained as provided in section 21); art. 42.12, § 21(b) (State may amend motion to revoke community supervision any time up to seven days before the date of revocation hearing, after which time motion may not be amended except for good cause shown).  When the court gave Appellant’s counsel an opportunity to respond,  counsel did not say anything further.  On appeal, Appellant contends his due process rights under the state and federal constitutions were violated by lack of notice of the allegations against him.

Nothing in the quoted dialogue between Appellant’s counsel, the prosecutor, and the court would have informed the court that Appellant was objecting to proceeding with the hearing on due process grounds or was claiming violations of either the state or federal constitutions.  The court was made aware of the fact the Texas Code of Criminal Procedure had been complied with, and Appellant’s counsel offered no further specificity regarding his complaint that he was not ready because of untimely receipt of the amended petition.  Under these facts, we cannot say the record gives any indication that the trial court understood the basis of Appellant’s objection to mean that the defense was actually claiming a violation of his due process rights or was invoking the protections of the state or federal constitutions, rather than the code of criminal procedure.  Because Appellant’s objection at trial does not comport with his point on appeal, the alleged error is not preserved.  
See
, 
e.g.
, 
Heidelberg
, 144 S.W.3d at 542-43 (holding appellant’s objection based upon Fifth Amendment violation failed to apprise trial court and preserve error about violation of Texas Constitution).  We overrule Appellant’s sole point on appeal. 

Conclusion
 Having overruled Appellant’s sole point, we affirm the judgment of the trial court. 

PER CURIAM 

PANEL B: HOLMAN, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH   

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 18, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.