COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-293-CR
 
  
NICKOLAS 
DAVID CALLAWAY                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        On 
June 28, 2002, Appellant Nickolas David Callaway entered a guilty plea to the 
offense of indecency with a child by contact, and the trial court deferred 
adjudication of Callaway’s guilt and placed him on ten years’ deferred 
adjudication community supervision.  The State filed its “First Petition 
to Proceed to Adjudication” on June 11, 2004, alleging that Callaway had 
violated several terms and conditions of his community supervision.  
Callaway entered a plea of true to paragraphs one, three, four, five, six, and 
eight of the State’s petition, and the trial court found that he had violated 
the terms of his community supervision. On June 25, 2004, the trial court 
entered a judgment adjudicating Callaway guilty of indecency with a child and 
sentenced him to ten years’ confinement.
        During 
the punishment phase, multiple witnesses testified that the “Substance Abuse 
Felony Program” would be a beneficial alternative to incarceration for 
Callaway. Just before the defense rested, however, the trial court stated, 
“And I want you to also understand, and I’m going to have to check this, but 
you have been pleading this morning for SAFPF, and I do not believe SAFPF will 
accept a person charged with this offense.” A moment later the trial court 
reaffirmed, “But your whole pitch has been for SAFPF. The way I understand it, 
I don’t believe - - I believe you’re asking for something that they’re not 
going to accept. I don’t think they will take sexual offenders.” On appeal, 
Callaway argues that the trial court denied him his due process and equal 
protection rights under the United States and Texas Constitutions by relying on 
article 42.12, section 14(b)(2)(A) of the Texas Code of Criminal Procedure and 
concluding that he was ineligible for participation in the “substance abuse 
felony program.”[2]   Callaway further argues 
within the context of this point that article 42.12, section 14(b)(2)(A) is 
unconstitutional.
        The 
State responds that this court lacks jurisdiction to consider Callaway’s 
argument in light of article 42.12, section 5(b) of the code of criminal 
procedure, which provides that no appeal may be taken from a trial court’s 
decision to adjudicate guilt. Tex. Code 
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).  We 
note, however, that although article 42.12 prohibits a defendant from appealing 
the trial court’s decision to adjudicate guilt, the statute does not prohibit 
him from appealing issues that arise during the punishment phase of the 
hearing.  See Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 
2001); McGee v. State, 124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, 
pet. ref’d).  Here, after the trial court reconvened proceedings on June 
25, 2004, it made the following statements, “All right. All right.  The 
Court will find true to those allegations at this time. And since this has been 
a deferred, we’ll go into the punishment stage at this stage, making it a 
bifurcated trial which you’re entitled to do.”  Defense counsel 
thereafter called five witnesses, the State called one witness, and the trial 
court sentenced Callaway.  Accordingly, Callaway contests error allegedly 
occurring during the punishment phase of trial; he is not challenging the trial 
court’s decision to adjudicate his guilt.  We hold that we have 
jurisdiction over Callaway’s issue.
        Nevertheless, 
a defendant must still preserve his complaint for appellate review by presenting 
to the trial court a timely request, objection, or motion that states the 
specific grounds for the desired ruling if they are not apparent from the 
context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Gearhart 
v. State, 122 S.W.3d 459, 468 (Tex. App.—Corpus Christi 2003, pet. ref’d) 
(reasoning preservation of error at punishment phase requires timely objection 
and adverse ruling to preserve error).  Here, Callaway did not assert an 
objection challenging the constitutionality of article 42.12, section 
14(b)(2)(A) or addressing the trial court’s pronouncement that he was likely 
ineligible for the program.  Defense counsel merely stated, “All 
right.  Defense rests, Your Honor.”  Moreover, after the trial court 
sentenced Callaway, it asked of him, “Is there any reason - - any legal reason 
not to sentence him at this time?”  Defense counsel responded, “No 
legal reason, Your Honor.”[3]  Accordingly, 
Callaway forfeited appellate review of this point by not raising it in the trial 
court; he thus failed to preserve error.  See Tex. R. App. P. 33.1(a)(1); Saldano 
v. State, 70 S.W.3d 873, 889-91 (Tex. Crim. App. 2002) (holding even 
constitutional rights, including equal protection, may be waived by failure to 
object); Hull v. State, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002) 
(holding defendant waived due process claim when raised for first time on 
appeal).  We overrule Callaway’s sole point and affirm the trial 
court’s judgment.
   
  
                                                          PER 
CURIAM
 
 
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Article 42.12, section 14(b)(2)(A) prohibits a trial judge from including as a 
condition of community supervision placement in a “substance abuse felony 
program” if the defendant is charged with or convicted of a felony under 
section 21.11 of the penal code (indecency with a child).  Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 14(b)(2)(A) (Vernon Supp. 2004-05).  Callaway was charged with, and the 
trial court adjudicated him guilty of, indecency with a child.
3.  
Callaway subsequently filed a motion for new trial, stating that the “judgment 
and sentence is contrary to the law and the evidence.”  The record does 
not demonstrate that a hearing was held on this motion or that the trial court 
ever ruled on it.