Nickolas David Callaway v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-293-CR

NICKOLAS DAVID CALLAWAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On June 28, 2002, Appellant Nickolas David Callaway entered a guilty plea to the offense of indecency with a child by contact, and the trial court deferred adjudication of Callaway’s guilt and placed him on ten years’ deferred adjudication community supervision.  The State filed its “First Petition to Proceed to Adjudication” on June 11, 2004, alleging that Callaway had violated several terms and conditions of his community supervision.  Callaway entered a plea of true to paragraphs one, three, four, five, six, and eight of the State’s petition, and the trial court found that he had violated the terms of his community supervision.  On June 25, 2004, the trial court entered a judgment adjudicating Callaway guilty of indecency with a child and sentenced him to ten years’ confinement. 

During the punishment phase, multiple witnesses testified that the “Substance Abuse Felony Program” would be a beneficial alternative to incarceration for Callaway.  Just before the defense rested, however, the trial court stated, “And I want you to also understand, and I’m going to have to check this, but you have been pleading this morning for SAFPF, and I do not believe SAFPF will accept a person charged with this offense.”  A moment later the trial court reaffirmed, “But your whole pitch has been for SAFPF.  The way I understand it, I don’t believe - - I believe you’re asking for something that they’re not going to accept.  I don’t think they will take sexual offenders.”  On appeal, Callaway argues that the trial court denied him his due process and equal protection rights under the United States and Texas Constitutions by relying on article 42.12, section 14(b)(2)(A) of the Texas Code of Criminal Procedure and concluding that he was ineligible for participation in the “substance abuse felony program.”
(footnote: 2)  Callaway further argues within the context of this point that article 42.12, section 14(b)(2)(A) is unconstitutional. 

The State responds that this court lacks jurisdiction to consider Callaway’s argument in light of article 42.12, section 5(b) of the code of criminal procedure, which provides that no appeal may be taken from a trial court’s decision to adjudicate guilt.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05).  We note, however, that although article 42.12 prohibits a defendant from appealing the trial court’s decision to adjudicate guilt, the statute does not prohibit him from appealing issues that arise during the punishment phase of the hearing.  
See Kirtley v. State
, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); 
McGee v. State
, 124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet. ref’d).  Here, after the trial court reconvened proceedings on June 25, 2004, it made the following statements, “All right.  All right.  The Court will find true to those allegations at this time.  And since this has been a deferred, we’ll go into the punishment stage at this stage, making it a bifurcated trial which you’re entitled to do.”  Defense counsel thereafter called five witnesses, the State called one witness, and the trial court sentenced Callaway.  Accordingly, Callaway contests error allegedly occurring during the punishment phase of trial; he is not challenging the trial court’s decision to adjudicate his guilt.  We hold that we have jurisdiction over Callaway’s issue.

Nevertheless, a defendant must still preserve his complaint for appellate review by presenting to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Gearhart v. State
, 122 S.W.3d 459, 468 (Tex. App.—Corpus Christi 2003, pet. ref’d) (reasoning preservation of error at punishment phase requires timely objection and adverse ruling to preserve error).  Here, Callaway did not assert an objection challenging the constitutionality of article 42.12, section 14(b)(2)(A) or addressing the trial court’s pronouncement that he was likely ineligible for the program.  Defense counsel merely stated, “All right.  Defense rests, Your Honor.”  Moreover, after the trial court sentenced Callaway, it asked of him, “Is there any reason - - any legal reason not to sentence him at this time?”  Defense counsel responded, “No legal reason, Your Honor.”
(footnote: 3) Accordingly, Callaway forfeited appellate review of this point by not raising it in the trial court; he thus failed to preserve error.  
See 
Tex. R. App. P.
 33.1(a)(1); 
Saldano v. State
, 70 S.W.3d 873, 889-91 (Tex. Crim. App. 2002) (holding even constitutional rights, including equal protection, may be waived by failure to object); 
Hull v. State
, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002) (holding defendant waived due process claim when raised for first time on appeal).  We overrule Callaway’s sole point and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Article 42.12, section 14(b)(2)(A) prohibits a trial judge from including as a condition of community supervision placement in a “substance abuse felony program” if the defendant is charged with or convicted of a felony under section 21.11 of the penal code (indecency with a child).  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 14(b)(2)(A) (Vernon Supp. 2004-05).  Callaway was charged with, and the trial court adjudicated him guilty of, indecency with a child.

3:
Callaway subsequently filed a motion for new trial, stating that the “judgment and sentence is contrary to the law and the evidence.”  The record does not demonstrate that a hearing was held on this motion or that the trial court ever ruled on it.