NO.
12–05-00290-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LARRY D.
LACY,     §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Larry
D. Lacy appeals the trial court’s order revoking his deferred adjudication  community supervision.  In one issue, Appellant challenges the
harshness of the punishment assessed by the trial court.  We affirm.

 

Background

            Appellant was charged by three
separate indictments for offenses arising out of the same criminal
episode.  On January 28, 2002, he pleaded
guilty to each of the three charges of burglary of a habitation, a second
degree felony. In each case, the trial court found that the evidence
substantiated Appellant’s guilt, but deferred a finding of guilt, placed him on
community supervision for ten years, and assessed a $1,000.00 fine.  On November 20, 2002, the State filed motions
to adjudicate and revoke Appellant’s community supervision based  on its assertions that Appellant had violated
the terms and conditions of his community supervision.  After Appellant paid the arrearage on fines,
costs, and restitution owed, the motion was dismissed, but Appellant’s
community supervision requirements were modified to reflect that he would be
required to report twice a month for one year. 
On September 25, 2003, Appellant’s community supervision requirements
were modified to reflect that he would be required to report each Wednesday for
community service.  

            On May 10, 2005, the State again
filed motions to adjudicate and revoke Appellant’s community supervision based
on its assertions that Appellant had violated the terms and conditions of his
community supervision.  Specifically, the
State asserted that Appellant violated the conditions of his community
supervision by failing to abstain from the use of narcotic drugs, namely
cocaine; failing to report to the community supervision officer as required;
and failing to pay court costs, probation fees, restitution, and fines.  The court conducted a hearing on the motion
on July 28, 2005.

            At the hearing, Appellant pleaded “not
true” to the allegations in the revocation motion in each of the three
causes.  The State called a community
supervision officer who testified about Appellant’s failure to comply with the
terms of his community supervision as alleged in the revocation motions.  Appellant then testified on his own
behalf.  The court found that Appellant
violated the terms and conditions of his community supervision and found him
guilty of burglary of a habitation in all three cases.  Consequently, the court revoked Appellant’s
community supervision and sentenced him to fourteen years of imprisonment in
each of the three cases, to run concurrently. 
Appellant filed a motion for new trial, which was overruled as a matter
of law. This appeal followed.[1]

 

Failure to Cite Authority

            In
a single issue, Appellant contends that the punishment assessed by the trial
court is too harsh. 

            A
trial court’s decision to proceed with an adjudication of guilt is one of
absolute discretion and is not reviewable. 
Connolly v. State, 983 S.W.2d 738, 740 (Tex. Crim. App.
1999).  However, because the issue in
this case concerns an abuse of discretion in sentencing and is an issue raised
after the determination of adjudication, this court has jurisdiction to review
Appellant’s issue.  See McGee
v. State, 124 S.W.3d 253, 256 (Tex. App.–Fort Worth 2003, pet. ref’d). 

            Appellant
was represented by counsel on appeal. 
The following is Appellant’s single issue and the corresponding argument
set forth in its entirety:

 

                Point of Error No. 1 The
Court erred when it assessed a harsh punishment of fourteen years in Texas
Department of Criminal Justice, on Motion to Proceed to Adjudication for
violation of community supervision in three cases, being Cause Nos. 25926,
25927 and 25928.  CR CR46-68, CR54-56, RR
P31 L14-25 and RR P32 L1-3.

 

ARGUMENT

Appellant was adjudicated guilty and sentenced to
fourteen years in Texas Department of Criminal Justice[.] CR CR46-48, CR54-56,
RR P31 L14-25 and RR P32 L1-3.  Appellant
stated that he was unable to pay fees and costs because he could not secure a
job and he had failed a drug test because of a fluke condition.  RR P21 L8-14. 
This apparently was his first drug test failure.  He did not intentionally not make payments,
but he could not afford to pay because he did not have a job.  RR P20 L20-25.  Appellant had good intentions to complete his
probation.  He testified that he does not
use cocaine and he does not drink alcohol. 
RR P21 L16-20.  Appellant’s family
needs him to help support them.  RR P21
L21-25 and P22 L1-2.

 

 

            An appellant’s brief must contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.  See
Tex. R. App. P. 38.1(h).  Failure to cite authority in support of an
issue waives the complaint.  See Smith
v. State, 959 S.W.2d 1, 17 (Tex. App.–Waco 1997, pet. ref’d) (citing Lawton
v. State, 913 S.W.2d 542, 558 (Tex. Crim. App. 1995); see also Allen
v. State, No. 12-01-00079-CR, 2003 WL 1090366, at *3 (Tex. App.–Tyler
March 12, 2003, no pet.) (not designated for publication).  Here, Appellant wholly failed to make
reference to any authority supporting the issue he raised on appeal.  Rather, Appellant listed various record
references under the caption of “Index of Authorities.”  Presumably, Appellant was aware of the
mandate set forth in Rule 38.1(h) since he cited to portions of the record
throughout his brief.  But Rule 38.1(h)
clearly requires citations both to authorities and to the record.  Tex.
R. App. P. 38.1(h).  Accordingly,
we hold that by his failure to comply with Rule 38.1(h), Appellant waived his
complaint on appeal.  

            Even if Appellant had not waived his
complaint, the result would not differ. 
Courts have repeatedly held that punishment which falls within the
limits prescribed by a valid statute is not excessive, cruel, or unusual.  See Harris v. State, 656 S.W.2d
481, 486 (Tex. Crim. App. 1983).  Here,
Appellant pleaded guilty to burglary of a habitation, a second degree
felony.  See Tex. Pen. Code Ann. § 30.02 (Vernon
2003).  The punishment range for such an
offense is between two and twenty years. 
See Tex. Pen. Code Ann. §
12.33(a).  In this case, the trial court
assessed punishment at fourteen years, which falls well within the range set
forth by the legislature.  Id.  Therefore, the punishment is not prohibited
as cruel, unusual, or excessive per se. 
We overrule Appellant’s single issue.   

            

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered April 28, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Appellant failed to timely file notices of appeal on
the other two cases (trial court Cause Numbers 25927 and 25928).  Consequently, we dismissed those appeals for
want of jurisdiction on December 14, 2005. 
See Lacy v. State, Nos. 12-05-00291-CR, 12-05-00292-CR,
2005 WL 3434039 (Tex. App.–Tyler Dec. 14, 2005, no pet.) (not designated for
publication).