Israel SOSA, Appellant,

v.

The STATE of Texas, State.

Nos. 2–05–181–CR, 2–05–182–CR.

Court of Appeals of Texas,
Fort Worth.

July 13, 2006.

Discretionary Review Refused
Nov. 15, 2006.

William S. Harris, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Appellate Section, Sylvia Mandel and Alana Minton, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

PANEL B: DAUPHINOT, WALKER, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

Upon his pleas of guilty to two offenses of indecency with a child by contact, the trial court placed Appellant Israel Sosa on deferred adjudicated community supervision in each of these cases. A psychiatrist had examined Sosa and diagnosed him as competent to stand trial before he entered his guilty pleas. Sosa, who suffers from schizophrenia, was placed on the mental health case load in the community supervision department and remained on that case load until the State filed its petition to proceed to adjudication in each case, alleging failure to report for the months of October, November, and December 2004.

On April 26, 2005, Sosa filed a motion for a competency examination in each case. The motions did not include any affidavits or any factual allegations beyond a statement that Sosa's counsel at revocation did not think that Sosa was competent. On May 2, 2005, the day of the adjudication hearing, the trial court first denied Sosa's oral motion for continuance to have a com-

petency examination. The trial court then asked a series of thirty-two questions inquiring into Sosa's understanding of the charges against him, his educational level, his job history, his familiarity with his family members, and whether he understood that he was on probation in the two cases. Based on Sosa's answers, the trial court made a specific finding that Sosa was competent. The adjudication hearing then proceeded.

After hearing evidence that Sosa had alcoholism problems, failed to take his prescribed schizophrenia medications regularly, and had failed to report in the months of October, November, and December 2004, the trial court granted the State's petitions, adjudicated Sosa's guilt, and, in each case, sentenced him to six years' confinement in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to run concurrently.

In one issue, Sosa contends that the trial court abused its discretion by refusing to have him examined to determine his competence to stand trial before proceeding on the petitions to adjudicate. The State argues that this court's consideration of Sosa's issue on appeal would violate the prohibition against appeal from the trial court's determination to proceed to adjudication. See TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2005). However, we need not address the issue of whether article 42.12 section 5(b) precludes an incompetent defendant from raising his incompetence on appeal following revocation of his deferred adjudication community supervision and an adjudication

of guilt, because here there was no evidence that Sosa was incompetent.

The trial court is required to appoint an expert to examine a defendant for competency only upon a determination that evidence exists to support a finding of incompetency. See id. art. 46B.021(b). Here, no evidence of incompetency exists; Sosa's motion for an examination was not supported by an affidavit or other evidence, and the trial court's careful questioning of Sosa at the adjudication hearing did not produce any evidence of incompetence. See id. at art. 46B.004 (a), (c). Therefore, the trial court was not required to appoint an expert to examine Sosa to determine if he was competent.

Accordingly, we overrule Sosa's issue and affirm the trial court's judgments.

DAUPHINOT, J., concurring.

LEE ANN DAUPHINOT, Justice, concurring.

The criminal trial of an incompetent defendant violates due process,[1] as does the conviction of an incompetent defendant.[2] Consequently, to protect a criminal defendant's constitutional rights, a trial court has no choice but to inquire into the defendant's mental competence when the issue is sufficiently raised.[3] Further, the Texas Code of Criminal Procedure provides that "[i]f the issue of the defendant's incompetency to stand trial is raised after the trial on the merits begins, the court may determine the issue at any time before the sentence is pronounced."[4] I believe therefore that we should explicitly reject the State's argument that this court's consid-

---

1. *Drope v. Missouri*, 420 U.S. 162, 171–73, 95 S.Ct. 896, 903–04, 43 L.Ed.2d 103 (1975); *Alcott v. State*, 51 S.W.3d 596, 598 (Tex.Crim. App.2001).

2. *McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim.App.2003).

3. *Id.* (citing *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966)).

4. TEX.CODE CRIM. PROC. ANN. art. 46B.005(d) (Vernon Supp.2005).

eration of Appellant's issue violates article 42.12, section 5(b)[5] and that we should join our sister court in Houston in examining on the merits the competency issue under article 46B.005 in cases involving revocation of deferred adjudication community supervision.[6]

In the two cases before us, I agree with the majority that the record shows that Appellant offered no evidence from any source that he was not competent to stand trial and that the trial court carefully questioned Appellant before making a specific finding of competence and proceeding with the adjudication hearing. I therefore also agree that the trial court had no duty to grant Appellant's motion for a competency examination and that the trial court's judgments should consequently be affirmed.

---

5. *See id.* art. 42.12, § 5(b) (Vernon Supp. 2005).

6. *See McGowan v. State,* No. 14–05–00139–CR, 2006 WL 56105, at *1–3 (Tex.App.-Houston [14th Dist.] Jan. 12, 2006, pet. ref'd) (not designated for publication) (addressing McGowan's claim that the trial court abused its discretion in failing to conduct a hearing on his competency to stand trial prior to sentencing him); *see also McGee v. State,* 124 S.W.3d 253, 256 (Tex.App.-Fort Worth 2003, pet. ref'd) (holding that denial of motion for continuance which arose before and was not part of the determination to adjudicate guilt was appealable despite article 42.12, section 5(b)).