[COMMENT1] 

 

 

 

 

 

                                COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
 2-05-181-CR

        2-05-182-CR

 

 

ISRAEL SOSA                                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Upon his pleas of guilty to two offenses of
indecency with a child by contact, the trial court placed Appellant Israel Sosa
on deferred adjudicated community supervision in each of these cases.  A psychiatrist had examined Sosa and
diagnosed him as competent to stand trial before he entered his guilty
pleas.  Sosa, who suffers from
schizophrenia, was placed on the mental health case load in the community
supervision department and remained on that case load until the State filed its
petition to proceed to adjudication in each case, alleging failure to report
for the months of October, November, and December 2004. 

On April 26, 2005, Sosa filed a motion for a
competency examination in each case.  The
motions did not include any affidavits or any factual allegations beyond a
statement that Sosa=s counsel at revocation did not
think that Sosa was competent.  On May 2,
2005, the day of the adjudication hearing, the trial court first denied Sosa=s oral
motion for continuance to have a competency examination.  The trial court then asked a series of
thirty-two questions inquiring into Sosa=s
understanding of the charges against him, his educational level, his job
history, his familiarity with his family members, and whether he understood
that he was on probation in the two cases. 
Based on Sosa=s answers, the trial court made
a specific finding that Sosa was competent. 
The adjudication hearing then proceeded. 

After hearing evidence that Sosa had alcoholism
problems, failed to take his prescribed schizophrenia medications regularly,
and had failed to report in the months of October, November, and December 2004,
the trial court granted the State=s
petitions, adjudicated Sosa=s guilt,
and, in each case, sentenced him to six years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice, with the sentences to run concurrently. 








In one issue, Sosa contends that the trial court
abused its discretion by refusing to have him examined to determine his
competence to stand trial before proceeding on the petitions to
adjudicate.  The State argues that this
court=s
consideration of Sosa=s issue on appeal would violate
the prohibition against appeal from the trial court=s
determination to proceed to adjudication. 
See Tex. Code Crim. Proc.
Ann. art. 42.12, ' 5(b) (Vernon Supp. 2005).  However, we need not address the issue of
whether article 42.12 section 5(b) precludes an incompetent defendant from
raising his incompetence on appeal following revocation of his deferred
adjudication community supervision and an adjudication of guilt, because here
there was no evidence that Sosa was incompetent.  

The trial court is required to appoint an expert
to examine a defendant for competency only upon a determination that evidence
exists to support a finding of incompetency. 
See id. art.
46B.021(b).  Here, no evidence of
incompetency exists; Sosa=s motion for an examination was
not supported by an affidavit or other evidence, and the trial court=s
careful questioning of Sosa at the adjudication hearing did not produce any
evidence of incompetence.  See id. at
art. 46B.004 (a), (c).  Therefore, the
trial court was not required to appoint an expert to examine Sosa to determine
if he was competent.  








Accordingly, we overrule Sosa=s issue
and affirm the trial court=s
judgments.

 

BOB
MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT,
WALKER, and MCCOY, JJ.

 

DAUPHINOT, J. concurs
with opinion.

 

PUBLISH

 

DELIVERED: July 13, 2006

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-05-181-CR

        2-05-182-CR

 

 

ISRAEL
SOSA                                                                     APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                  CONCURRING OPINION

 

                                              ------------








The criminal trial of an incompetent defendant
violates due process,[1]
as does the conviction of an incompetent defendant.[2]  Consequently, to protect a criminal defendant=s
constitutional rights, a trial court has no choice but to inquire into the
defendant=s mental competence when the
issue is sufficiently raised.[3]  Further, the Texas Code of Criminal Procedure
provides that A[i]f the issue of the defendant=s
incompetency to stand trial is raised after the trial on the merits begins, the
court may determine the issue at any time before the sentence is pronounced.@[4]  I believe therefore that we should explicitly
reject the State=s argument that this court=s
consideration of Appellant=s
issue  violates article 42.12, section
5(b)[5]
and that we should join our sister court in Houston in examining on the merits
the competency issue under article 46B.005 in cases involving revocation of
deferred adjudication community supervision.[6]








In the two cases before us, I agree with the
majority that the record shows that Appellant offered no evidence from any
source that he was not competent to stand trial and that the trial court
carefully questioned Appellant before making a specific finding of competence and
proceeding with the adjudication hearing. 
I therefore also agree that the trial court had no duty to grant
Appellant=s motion for a competency
examination and that the trial court=s
judgments should consequently be affirmed. 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED:  July 13, 2006

 

 

 











[1]Drope v. Missouri, 420 U.S. 162, 171-73, 95 S. Ct. 896, 903-04 (1975);  Alcott v. State, 51 S.W.3d 596, 598
(Tex. Crim. App. 2001).





[2]McDaniel v. State, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003).





[3]Id. (citing Pate
v. Robinson, 383 U.S. 375, 378, 86 S. Ct. 836, 838 (1966)).





[4]Tex. Code Crim. Proc. Ann. art. 46B.005(d) (Vernon Supp. 2005).





[5]See id. art.
42.12, ' 5(b) (Vernon Supp. 2005).





[6]See McGowan v. State, No. 14-05-00139-CR, 2006 WL 56105, at *1-3 (Tex. App.CHouston
[14th Dist.] Jan. 12, 2006, pet. ref=d) (not designated for publication) (addressing
McGowan=s claim that the trial court abused its discretion in
failing to conduct a hearing on his competency to stand trial prior to
sentencing him); see also McGee v. State, 124 S.W.3d 253, 256 (Tex. App.CFort
Worth 2003, pet. ref=d) (holding that denial of motion for continuance
which arose before and was not part of the determination to adjudicate guilt
was appealable despite article 42.12, section 5(b)).















 [COMMENT1]

MAJORITY
BY JUSTICE MCCOY CONCURRENCE BY JUSTICE DAUPHINOT